IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02840-CMA-NYW

MARCUS MORRIS,

    Plaintiff,

v.

MPC HOLDINGS, INC., *d/b/a* Platte River Inspection Services,

    Defendant.

---

## ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION

---

This matter is before the Court on Plaintiffs' Renewed Expedited Motion for Conditional Certification and Notice to Putative Class Members ("Motion for Conditional Certification" or "Motion") (Doc. # 32), The Motion is granted for the following reasons.

### I.    BACKGROUND

This is a putative collective action brought under the Fair Labor Standards Act (FLSA). Plaintiff, Marcus Morris, worked for Defendant, MPC Holdings, Inc. d/b/a Platte River Inspection Services, as a horizontal directional drilling inspector. (Doc. # 1, ¶ 2). Plaintiff alleges that he and other inspectors who worked for Defendant regularly worked in excess of forty hours per week but were not paid overtime. (Doc. # 1, ¶¶ 3-4). Plaintiff claims that Defendant's compensation practices violated the FLSA. (Doc. # 1, ¶ 5). He is suing Defendant for unpaid overtime wages and other damages. (Doc. # 1, ¶ 6).

Plaintiff now seeks to have his lawsuit certified as a collective action. (Doc. # 32). He claims to represent a collective of workers who were similarly underpaid, and he seeks certification of a collective consisting of "All current and former inspectors who worked for or on behalf of Platte River Inspection Services and who were paid according to it is day rate pay plan in the past three (3) years (the 'Day Rate Inspectors')." (Doc. # 1, ¶ 15).

Defendant opposes certification, arguing that Plaintiff has failed to show that the members of the proposed collective are all "similarly situated." (Doc. # 35, pp. 6-12). In the alternative, Defendant argues that the collective should be limited to a narrower class of inspectors. (Doc. # 35, pp. 4, 13-15).

The Court agrees with Plaintiff.

## II.  LEGAL STANDARD

Section 216(b) of the FLSA provides that an action under the FLSA "may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." The Tenth Circuit has approved the use of a two-step process for determining whether the putative class members are "similarly situated" to the named plaintiff. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-1105 (10th Cir. 2001). At the first step, prior to discovery, the district court makes a "notice stage" determination of whether the plaintiffs are similarly situated. For conditional certification at the notice stage, the Tenth Circuit "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id*. at 1102

2

(quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). The standard for conditional certification at the notice stage, then, "is a lenient one."[1] *Wass v. NPC Int'l, Inc.*, No. 09-2254, 2011 WL 1118774, at *3 (D. Kan. Mar. 28, 2011) (unpublished); *see also Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) ("This initial step creates a lenient standard which typically results in conditional certification of a representative class."). At this stage, the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims." *Bryant v. Act Fast Delivery of Colorado, Inc.,* No. 14-cv-870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015).

## III.   DISCUSSION

### A.   CONDITIONAL CERTIFICATION

The Court finds that Plaintiff has carried his minimal burden at the notice stage of asserting "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Plaintiff alleges that all of the putative class members were subject to the same unlawful policies and/or practices that resulted in FLSA violations. Specifically, Plaintiff alleges that Defendant "uniformly applied its policy of paying its Inspectors, including Morris, a day rate with no overtime compensation," even when they worked over forty hours per week. (Doc. # 1,

---

[1] The second step for class certification under § 216(b) demands a higher level of scrutiny. At the second step, which occurs after discovery is complete and often prompted by a motion to decertify, a district court examines, *inter alia*, "any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations." *Bass v. PJComn Acquisition Corp.*, No. 09-cv-01614, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010) (unpublished). The instant Motion requires the Court to determine only whether Plaintiffs have satisfied the first step of the *Thiessen* two-step approach.

¶¶ 24-26). Plaintiff has also alleged that Defendant "applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location." (Doc. # 1, ¶ 25). Plaintiff supports these allegations with an affidavit from Plaintiff, an affidavit from another inspector who claims to have been treated similarly, and various documents demonstrating how Plaintiff was compensated while he was employed by Defendant. (Docs. ## 32-1, 32-2, 32-3, 32-4, 32-5). These allegations and documents, taken together, are sufficient to warrant conditional certification under the FLSA. *Thiessen*, 267 F.3d at 1102.

Defendant argues, however, that this Court should apply a more rigorous conditional-certification standard. It contends that, rather than following the Tenth Circuit precedent, this Court should follow the approach adopted by the Fifth Circuit in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021). (Doc. # 35, pp. 6-8). The Court rejects this argument. "[T]his Court is bound by long-standing Tenth Circuit precedent mandating the application of the two-step conditional certification process for collective actions brought under the FLSA." *Fuentes v. Compadres, Inc.*, No. 17-cv-01180-CMA-MEH, 2018 WL 2126840, at *2 (D. Colo. May 9, 2018). The Court declines Defendant's invitation to depart from well-established precedent.

Defendant also argues that "[e]ven under the pre-*Swales* standard in this district, Morris has not met his burden" to show that the members of the proposed collective are "similarly situated." (Doc. # 35, p. 8). Specifically, Defendant contends that (1) the members of the collective had different job duties; and (2) some members of the

4

collective may be exempt from the overtime-pay provisions of the FLSA. (Doc. # 35, pp. 8-12). This argument fails.

When deciding whether to conditionally certify a collective action, "[a] court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations"; it need not decide the merits of the plaintiff's claims. *Pena v. Home Care of Denver, LLC*, No. 19-cv-00069-CMA-NYW, 2019 WL 5577947, at *1 (D. Colo. Oct. 29, 2019) (citation omitted). Defendant's arguments go to the merits of Plaintiff's FLSA claim and Defendant's exemption defense and are, thus, inappropriate for the Court to consider at the notice stage. *See, e.g.*, *Levine v. Vitamin Cottage Nat. Food Markets Inc.*, No. 20-cv-261-STV, 2020 WL 6546734, at *4 (D. Colo. Nov. 6, 2020) (concluding argument that deposition testimony showed putative class members were not similarly situated was inappropriate at notice stage); *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1091 (D. Colo. 2016) ("[A]t this phase of FLSA conditional certification, 'the Court does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims.'") (quotation omitted); *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613-CMA-BNB, 2012 WL 638119, at *4 (rejecting argument that allegations were too conclusory to support conditional certification, in part, because "at this [notice] stage, the Court must determine only whether the [putative class members] are similarly situated, not whether Plaintiff's FLSA claim has merit").

Finally, Defendant argues, in the alternative, that this Court should certify a narrower collective than the one Plaintiff has requested. (Doc. # 35, pp. 13-15). This

argument also fails. Defendant is essentially arguing that Plaintiff's proposed class is too large because Plaintiff has failed to disprove two of Defendant's affirmative defenses. (Doc. # 35, p. 13 (alleging that Plaintiff "does not establish that [collective members] (1) were not paid on a 'salary basis' or (2) performed job duties that did not qualify for a white-collar exemption.")). Defendant cites no authority to suggest that Plaintiff is required to prove a negative or disprove Defendant's affirmative defenses at this stage of the case. Therefore, this argument fails, and the Court will grant Plaintiff's request for conditional certification.

**B.    NOTICE**

Plaintiff also moves the Court to approve his proposed form of notice (Doc. # 32-6), to allow notice to be sent via email and text message, to permit a reminder notice, and to approve a 60-day opt-in period. (Doc. # 32, p. 15). Upon review of the proposed form of notice, the Court concludes that the notice is fair and accurate and no alterations to the notice are necessary. *See Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *7 (D. Colo. Apr. 21, 2012) (quoting *Lewis v. ASAP Land Exp., Inc.,* No. 07–CV–2226, 2008 WL 2152049, at *2 (D. Kan. May 21, 2008) (unpublished)) ("Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary.").

Defendant argues, however, that the proposed notice and reminder are improper because (1) "the proposed notice improperly implies judicial sponsorship with statements such as 'THIS IS A COURT-AUTHORIZED NOTICE'"; (2) "reminder notices

are improper"; (3) "text messages and telephone calls are too informal a vehicle for conveying a legal document with the gravity of a notice of legal rights"; and (4) "the forms contain numerous inaccurate and one-sided statements, such as claiming there is 'the opportunity to make a full recovery.'" (Doc. # 35, p. 15). Defendant does not elaborate on these arguments, but rather, cites two out-of-jurisdiction cases that it claims supports arguments 2 and 3. The court rejects these threadbare arguments as follows:

(1) The statement "THIS IS A COURT-AUTHORIZED NOTICE" is accurate, and it does not imply judicial sponsorship. Because Defendant does not identify any other offending statements, this argument is rejected.

(2) A single reminder notice is proper under the circumstances of this case because it will serve the purpose of helping members of the collective exercise their rights. Plaintiff's counsel may send a single reminder email or letter to putative class members after thirty days.

(3) The Court finds that text messages and emails are appropriate avenues for providing notice in this case, *see Robertson v. Whitman Consulting Org., Inc.*, No. 19-CV-02508-RM-KLM, 2020 WL 5097597, at *5 (D. Colo. July 22, 2020), report and recommendation adopted as modified, No. 1:19-CV-02508-RM-KLM, 2020 WL 5096006 (D. Colo. Aug. 28, 2020).

(4) The Court finds that the statement "the opportunity to make a full recovery" is not an inaccurate or one-sided statement. Because Defendant does not identify any other offending statements, this argument is rejected.

## IV.    CONCLUSION

For the foregoing reasons, it is ORDERED that:

- Plaintiffs' Renewed Expedited Motion for Conditional Certification and Notice to Putative Class Members (Doc. # 32) is GRANTED;

- An FLSA collective action of the following individuals is hereby conditionally certified:

> All current and former inspectors who worked for or on behalf of Platte River Inspection Services and who were paid according to it is day rate pay plan in the past three (3) years (the "Day Rate Inspectors")

- Plaintiff's proposed Notice of Collective Action Lawsuit (Doc. # 32-6) is APPROVED;

- Plaintiff may send a single reminder notice by email to the putative class members after 30 days.

- The parties shall confer in an attempt to agree on the form of the reminder notice. If the parties are unable to agree, they shall so notify the Court by filing a joint summary of the dispute, not to exceed 3 double-spaced pages, within 14 days of the date of this Order.

DATED:  September 9, 2021

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge